IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-3220-P-BN |
| | § | |
| TRANSPORTATION SECURITY | § | |
| ADMINISTRATION (TSA), | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Jorge A. Solis. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss Plaintiff Sai's lawsuit without prejudice for failure to prosecute and obey orders of this Court pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

Based on the Motion for CM/ECF Access for Case Initiation [Dkt. No. 3] Plaintiff filed to commence this action, this appears to be a civil action under the Freedom of Information Act against the Transportation Security Administration, *see id.* at 1 n.1. But, as the Court explained to Plaintiff in the Notice of Deficiency and Order issued October 7, 2015:

"A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. And, as explained in the Court's *pro se* handbook, "[u]nder [Local Civil Rule] 5.1(e) and the court's ECF Administrative

Procedures, [a *pro se* plaintiff] must file a Complaint on paper." PRO SE HANDBOOK FOR CIVIL SUITS, U.S. DISTRICT COURT, N.D. TEX., at 14, *available at* http://www.txnd.uscourts.gov/pro-se-litigants (last accessed Oct. 7, 2015); *see also* N.D. TEX. L. CIV. R. 5.1(e) ("Unless the presiding judge otherwise directs, an attorney – other than a prisoner *pro se* party – must file any pleading (except a complaint), motion, or other paper by electronic means, subject to the restrictions and requirements of the ECF Administrative Procedures Manual. A party may, for cause, move to be excused from the requirement of electronic filing.").

Plaintiff is therefore ORDERED to initiate this civil action by no later than **November 9, 2015** by (1) filing a paper complaint and (2) either paying the $400 filing fee or filing (also on paper) a properly completed and verified motion for leave to proceed *in forma pauperis*. The Court's website contains additional information concerning proceeding *pro se* in this Court, including *pro se* forms. *See* http://www.txnd.uscourts.gov/pro-se-litigants.

Once a complaint is filed, Plaintiff then "must register as an ECF user within 14 days ... , following the registration procedures set forth in the ECF Administrative Procedures Manual." N.D. TEX. L. CIV. R. 5.1(f). ECF registration information is also available on the Court's website. *See* http://www.txnd.uscourts.gov/ecf-registration (last visited Oct. 7, 2015).

Dkt. No. 4.

It is now almost one month since the deadline for Plaintiff to properly initiate this action by submitting a paper complaint and paying the applicable filing fee or moving for leave to proceed *in forma pauperis*, and it is now more than two months since the Court issued its notice of deficiency and order, and Plaintiff has failed to comply with the order or otherwise contact the Court.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power

to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Several" of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. American Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F.2d at 1191 n.6

(citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

By failing to respond to the Court's notice of deficiency and order, Plaintiff has prevented this action from proceeding and, therefore, has failed to prosecute this lawsuit and obey the Court's order. A Rule 41(b) dismissal of Plaintiff's lawsuit without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

## Recommendation

Plaintiff's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff complies fully with the Court's previous order [Dkt. No. 4], the Court should refer this action back to the undersigned United States magistrate judge for further consideration.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

-4-

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 8, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE